**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| NICHOLAS SIMPSON, on behalf of himself and all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 3:25-cv-00049 |
| v. | ) ) | Judge Campbell |
| PARK HAPPY, LLC, | ) ) | Magistrate Judge Newbern |
| Defendant. | ) ) ) | |

**JOINT MOTION TO STAY CASE AND**
**CANCEL INITIAL CASE MANAGEMENT CONFERENCE**

Plaintiff Nicholas Simpson and Defendant Park Happy, LLC jointly move the Court to stay this case pending the outcome of pending dispositive motions in other cases pending before this Court that may affect this case. The parties submit that a stay would promote judicial economy. Similarly, the parties move the Court to cancel the Initial Case Management Conference currently scheduled for June 25, 2025.

This case involves a single alleged cause of action arising under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.* and seeks class certification for such claim. Currently pending before this Court are two other cases involving claims arising under the DPPA and seeking class certification: *Yousef Alhindi v. Metropolis Technologies, Inc.* (No. 3:24-cv-748) and *Matthew Petrone, et al. v. Metropolis Technologies, Inc.* (No. 3:24-cv-928). There are pending motions to consolidate the *Alhindi* and *Petrone* cases. In addition, Defendant Metropolis Technologies, Inc. has filed motions to dismiss in each case alleging lack of standing under the DPPA and failure to state a claim based upon interpretation of the DPPA and Tennessee law. Briefing on the motions to dismiss has been stayed pending the outcome of the motions to

consolidate. In the *Petrone* case, the Initial Case Management Conference was cancelled pending the ruling on the motion to consolidate.

While this case involves a different plaintiff, a different defendant, and different facts, the parties have conferred and agree that the Court's ruling on the motions to dismiss in the *Alhindi* and *Petrone* cases, which will appear to involve interpretation of the DPPA and relevant Tennessee law, may affect this case. Absent a stay, Defendant Park Happy would anticipate filing a motion to dismiss that, among other things, would likely include similar statutory interpretation arguments that are set forth in the pending motions to dismiss in *Alhindi* and *Petrone*. Depending on the ruling on those pending motions, that might be unnecessary.

Accordingly, the parties jointly move the Court to stay this case pending outcome of the motions to dismiss in *Alhindi* and *Petrone*. For the same reasons, the parties move the Court to cancel the Initial Case Management Conference currently set for June 25, 2025.

Respectfully submitted,

*/s/ John L. Farringer*
C. Dewey Branstetter Jr. (No. 9367)
John L. Farringer, IV (No. 22783)
Eric Osborne (No. 029719)
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Ave., Suite 1750
Nashville, Tennessee 37203
(615) 742-4200
dbranstetter@srvhlaw.com
jfarringer@srvhlaw.com
eosborne@srvhlaw.com

*Counsel for Park Happy, LLC*

/s/ David J. DiSabato w/p JLF
R. Scott Pietrowski (#019853)
David J. DiSabato (*pro hac vice*)
745 Fifth Ave, Suite 500
New York, New York 10151
(973) 273-3570
spietrowski@sirillp.com
ddisabato@sirillp.com

*Counsel for Plaintiff Nicholas Simpson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 30, 2025, a true and correct copy of the foregoing is being served by operation of the Court's CM/ECF system upon the following:

R. Scott Pietrowski
David J. DiSabato
745 Fifth Ave, Suite 500
New York, New York 10151
spietrowski@sirillp.com
ddisabato@sirillp.com

*Attorneys for Plaintiff*

/s/ John L. Farringer
